251 N.J. Super. 153 (1990)
597 A.2d 563
K-T MARINE, INC., A NEW JERSEY CORPORATION,
v.
DOCKBUILDERS LOCAL UNION 1456 OF N.Y. AND N.J., ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division Monmouth County.
Decided June 27, 1990.
*154 Michael A. Spero for the plaintiff (McCarthy and Schatzman, P.A., attorneys, James A. Endicott on the brief).
John J. Leo for the defendants (Mark A. Wines on the brief).
McGANN, J.S.C.
This opinion decides the issue whether, in the course of legitimate "informational" picketing at the job site of the plaintiff corporation, the defendant union may conduct similar picketing on the sidewalk in front of the residence of the president of plaintiff corporation, which residence is located many miles distant from the job site. This court determines that it may not for reasons which follow.
*155 K-T Marine was awarded a contract by the County of Monmouth to repair the abutments of Bridge S-2 which spans the Shrewsbury River between Rumson and Sea Bright. After the work commenced, "informational" picketing was instituted by the defendant local at and about the job site in Sea Bright. The purpose of the picketing was to bring to the attention of the public the fact that plaintiffs workers were not being paid "prevailing rates"[1] which the union has filed with the State Department of Labor. There are five employees on the job each day. They are non-union.
A Complaint was filed by plaintiff seeking a restriction on the extent and manner of picketing. After a hearing, an injunction pendente lite was imposed limiting the number of pickets at any given time at the job site to 10 and generally enjoining their interference with the legitimate business of plaintiff and those having legitimate reasons for access to the job site.
During the course of the hearing John Brown (president of plaintiff corporation) and his wife, Patricia Brown, testified that a picket line had been established by the union in front of their home on Harmony Road in Middletown Township on the day before the hearing. Mrs. Brown testified that at about 8:30 a.m. 15 men walked down Harmony Road to the house carrying signs advising the casual reader that K-T Marine and John Brown were not paying prevailing wages. Mrs. Brown's small children were about to leave for school. She was apprehensive and sent them across the lawn to a neighbor's property to avoid the group of men. She then called the local police who responded and instructed the men where they could and could not walk with their signs. Essentially they were told to stay on the sidewalk and on the grass strip between sidewalk and street; not to block the driveway nor to interfere with any pedestrians using the sidewalk. The men complied. Mrs. Brown left her *156 house. By the time she returned at 2:00 p.m. only two pickets were left.
Mr. Brown testified that his six-year-old child was afraid of the gathering of the men and that neighboring children and adults asked what was going on. He stated that he is a shareholder, president and an employee of the corporation. His wife holds no interest or position in the corporation. He is not one of the regular workers on the job site, but has visited the site some six to ten times since the work began in early May.
The business agent of the union testified that prior to picketing of the residence he had called the Middletown Township Police Department to ask if there were any local ordinances or policies regarding picketing and was told that there were none save that neither street, nor sidewalk, nor driveway could be obstructed and that there could be no trespass on the property inside of the sidewalk.
The court reserved decision on whether to enjoin picketing at the home and solicited briefs on the issue from counsel. Anticipating a quick decision, the union agreed that it would voluntarily refrain from such picketing for a short period of time. This opinion resolves the issue.
There is no doubt that "informational" picketing is a matter of constitutional right. Its exercise is inhibited by tort concepts of libel, slander, trespass, assault and nuisance. It is also restricted by laws making certain conduct criminal or violative of disorderly persons prohibitions. The exercise of that constitutional right found in the First Amendment of the United States Constitution (and, in this context, more expansively in Article 1, Paragraph 6 of the New Jersey Constitution) exists without any reference to the so-called Anti-Injunction Act  N.J.S.A. 2A:15-51 et seq. No court has the right to enjoin such picketing. See State v. Schmid, 84 N.J. 535, 423 A.2d 615 (1980); Bellemead Dev. Corp. v. Schneider, 193 N.J. Super. 85, 472 A.2d 170 (Ch.Div. 1983). However, a court does have the power to impose reasonable limitations on the exercise of that *157 right in order to avoid the types of clashes and confrontations which experience demonstrates lead to infractions of civil obligations or of the criminal law. The injunction pendente lite entered by this court is based on those fundamental concepts and its inherent power[2] and not as an exception to the anti-injunction law  although it well might be.
The reason that the Anti-Injunction Act does not apply, is that informational picketing does not involve a "labor dispute" as defined in that law. N.J.S.A. 2A:15-58(c) provides:
The term "labor dispute" includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, or concerning employment relations, or any other controversy arising out of the respective interests of employer and employee, regardless of whether or not the disputants stand in the proximate relation of employer and employee.
K-T Marine is not the employer of members of the Dockbuilders Union. K-T Marine and its employees have no controversy over terms and conditions of their employment or of their representation. The Dockbuilders Union does not represent those employees. It has no standing in any "labor dispute". It is neither "proximate" nor remote to any employer-employee relationship involving K-T Marine as an employer. It simply wishes to make the public aware that in its opinion K-T Marine is not paying prevailing wages. It has the right to do so, as noted above, and in that way seek to maintain the prevailing wage rate for its members and, perhaps, to bring sufficient public attention to bear on K-T Marine so that it will meet the prevailing standard. But there is not a "controversy" in the sense of the statute raising the factual context to that of a "labor dispute". By its terms "informational" picketing indicates that there is no actual labor dispute.
*158 The question then becomes whether, in the exercise of its right to picket for "informational" purposes, the union may set up a picketing activity of the nature described above, in a residential area far removed from the job site and in front of the home of a principal of the target corporation. To state the proposition points to the answer. It may not. The purpose of such activity is not informational; it is simply coercive. Mr. Brown is well aware of the union's position. His neighbors may be mildly annoyed by the presence of organized strangers and signs referring to something of which they have no knowledge  or may be completely indifferent. The picketing seeks only to add pressure to Mr. Brown's decision-making; pressure stemming solely from the apprehensions of his wife and children. As a matter of speech and effective communication of an opinion or view, "informational" picketing removed from a work site (or business location of the target) is a contradiction in terms. Under such circumstances the court may then properly indulge in the traditional balancing test employed where the exercise of a constitutional right clashes with the protection of a fundamental right belonging to private citizens. State v. Schmid and Bellemead Dev. Corp., above. An example of that is the explication by Justice O'Connor of the unique and protectible nature of one's residence in writing for the majority in Frisby v. Schulz, 487 U.S. 474, 108 S.Ct. 2495, 2502, 101 L.Ed.2d 420 (1988). Likewise the distinction between legitimate job site informational picketing and remote, coercive, picketing was well articulated in Kulish v. Hillside Policeman's Benev. Assoc., 124 N.J. Super. 263, 306 A.2d 85 (Ch.Div. 1973).
Should the Anti-Injunction Act be deemed, nonetheless, to apply  that there is a "labor dispute" involved  it will not justify picketing at the home. Paragraphs a and b of N.J.S.A. 2A:15-58 make that clear.
a. A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in industry, trade, craft, employment, or occupation; or who are members of an affiliated organization of employers or employees; whether such dispute is (1) between one or more employees and one *159 or more employers; (2) between one or more employees and an association or associations of employees or employers; (3) between the association or associations of employees and any other association or association of employees; (4) between one or more associations of employees and one or more employers or associations of employers; or when the case involves any conflicting or competing interests in a "labor dispute" (as hereinafter defined) of "persons participating or interested" therein (as hereinafter defined).
b. A person or association shall be held to be a person participating or interested in a labor dispute if relief is sought against him or it, and if he or it is engaged in the industry, trade, craft, or occupation in which such dispute occurs, or has a direct or indirect interest therein, or is a member, officer, or agent of any association of employers or employees engaged in such industry, trade, craft, or occupation.
Mr. Brown is not a "person" involved in a labor dispute. K-T Marine is. The corporation is a constitutional person separate and distinct from its shareholders or officers. Yacker v. Weiner, 109 N.J. Super. 351, 356, 263 A.2d 188 (Ch.Div. 1970) aff'd 114 N.J. Super. 526, 277 A.2d 417 (App.Div. 1971). K-T Marine has an office in Perth Amboy. If it is involved in a "labor dispute" the appropriate place to spread the informational message would be there, in addition to the job site.
This court was satisfied upon the taking of proofs at the hearing that tortious activity in the nature of obstructive conduct had taken place and would continue unless the injunctive power of the court were interposed in a limited fashion; that money damages would not realistically compensate plaintiff for the harm arising from probable delays and disruptions; and that, in balance, the minimal limitations on the exercise of defendant's constitutional rights were justified compared to the detriment to plaintiff from continuation of the prior conduct.
For the foregoing reasons, Mr. Spero will present an order enjoining any picketing at the Brown residence.
NOTES
[1] It appears to be conceded that the plaintiff is paying prevailing hourly rates to its personnel on the job, but may not be adding the prevailing "benefit package."
[2] For that reason there is no mandate for posting of a bond as would be required by N.J.S.A. 2A:15-53.