624 A.2d 1

VIRGINIA BOFFARD AND DARYL K. BOFFARD, M.D., PLAIN-TIFFS-RESPONDENTS, v. TIMOTHY BARNES, DOROTHY BLACK, CAROL FORD, BARBARA CARLSTROM, JANE DOE (A FICTITIOUS NAME) AND JOHN DOE (A FICTITIOUS NAME), DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued February 18, 1993—Decided April 12, 1993.

Before Judges KING, BRODY and LANDAU.

*Michael Patrick Carroll* argued the cause for appellants (*Richard J. Traynor*, attorney, *Mr. Carroll*, on the brief).

*Pamela Mandel* argued the cause for respondents (*Ms. Mandel,* on the brief).

The opinion of the court was delivered by

KING, P.J.A.D.

Defendants appeal from a permanent restraining order entered on September 3, 1991 limiting the place and manner of anti-abortion residential picketing by defendants. The Chancery judge had entered a temporary restraining order several months earlier on April 8, 1991. *See Boffard v. Barnes,* 248 *N.J.Super.* 501, 591 *A.*2d 699 (Ch.Div.1991). The restraining orders were based on a written record and oral argument but without live testimony.

Both the temporary and the final restraining order stated:

> ORDERED that the defendants and all persons and organizations associated with or acting in concert or combination with them be ENJOINED and RESTRAINED as follows:
>
> 1. From gathering, parading, patrolling for the purpose of demonstrating or picketing within the immediate vicinity of the plaintiffs' residence....
>
> 2. Distributing flyers to plaintiffs' neighbors which contain references to plaintiff as being a murderer or killer or his practice as involving murder or killing or which contains any other inflammatory language or which sets forth the plaintiffs' home address.
>
> 3. Carrying placards which contain depictions of a fetus....

Defendants attack the orders as violative of their First Amendment rights. Defendants claim that the restrictions on place, manner and content are unconstitutional. We affirm paragraph one of the order as a valid place and manner restraint against targeted or focused residential picketing. Paragraphs two and three of the order improperly attempt to control the content of defendants' message and prohibit publication of their viewpoint. We reverse as to paragraphs two and three.

On September 8, 1990 defendants and others conducted anti-abortion pickets in front of plaintiffs' residence in Short Hills, Millburn Township. Defendants are persons opposed to abortion and plaintiff Daryl K. Boffard, M.D., is an obstetrician and gynecologist associated with an Irvington medical group which offers

abortion services as well as obstetrical and gynecological care. Defendants had been picketing at Dr. Boffard's Irvington clinic for two years before they picketed the doctor's home, where he resides with his wife and three young children. The doctor's home is located on a narrow street with only two houses and room for only one car to traverse at a time. Because the house has no backyard, the children play in the front yard and on an adjoining lot.

According to Virginia Boffard, the doctor's wife, the presence of about twenty picketers prevented her from taking her children outside to play. Picketers carried signs saying "Dr. Daryl Boffard Kills," "Dr. Boffard Kills Babies," and "God Says Thou Shalt Not Kill." One sign showed a mutilated full-term baby, and another showed fetal parts in blood with the caption, "This is an abortion." When Virginia Boffard approached the demonstrators, defendant Dorothy Black said, "Your husband is a murderer." Defendants refused to move and one told a fourteen-year-old neighbor, "The doctor who lives there is a murderer" and handed her a bible.

Defendants characterized their protest as quiet and orderly, including some quiet prayer, but they allege that Virginia Boffard was disruptive and assaulted picketers. According to certifications of four picketers, she yelled angrily, grabbed at signs and pushed picketers when attempting to photograph the signs. According to defendant Timothy Barnes, two police officers appeared on the scene and directed picketers to stay on the adjoining street. Defendant Dorothy Black called the police and reported Virginia Boffard's hostile conduct. The protestors dispersed after about an hour.

Plaintiffs sought restraints against picketing in large numbers, use of loud, abusive language, and distribution of inflammatory flyers. In the September 14, 1990 temporary restraining order, the Chancery judge enjoined: (1) picketing within 200 feet of the road where plaintiffs lived; (2) references to Dr. Boffard as a murderer or killer, either orally or on flyers, or signs; (3) placards depicting fetuses; (4) publication of plaintiffs' address; and (5)

limited to six the number of demonstrators at or near plaintiffs' residence at any time.

The judge described the situation as a clash between plaintiffs' right to privacy and defendants' right to free expression. *Boffard v. Barnes, supra,* 248 *N.J.Super.* at 504, 591 *A.*2d 699. He found that under United States Supreme Court precedent the residential street was a public forum, where restraints on speech were subject to strictest scrutiny—time, place and manner restrictions narrowly tailored to serve a significant government interest, content-neutral and leaving open alternative forums. *Id.* at 504-05, 591 *A.*2d 699. Because of defendants' continuing opportunity to protest at the Irvington clinic, where patrons and the public could hear the message, the judge concluded that the residential protest could only be intended to "intimidate, harass, denigrate and embarrass Dr. Boffard before his family and neighbors...." *Id.* at 505-06, 591 *A.*2d 699. He found the protest constitutionally unprotected and intentionally offensive conduct under the guise of free expression. *Id.* at 506, 591 *A.*2d 699.

Between the date that the Chancery judge heard oral argument and issuance of the opinion, the Township Committee, on February 19, 1991, passed an ordinance, Section 15-1-28, entitled "Picketing a Residence," which states:

It is unlawful for any person to engage in picketing before or about the residence or dwelling of any individual in Millburn Township.

That ordinance is identical to the ordinance approved as comporting with the First Amendment to the United States Constitution in *Frisby v. Schultz,* 487 *U.S.* 474, 108 *S.Ct.* 2495, 101 *L.Ed.*2d 420 (1988). It would preclude picketing "before or about" plaintiffs' residence, the conduct generally restrained by paragraph one of the challenged injunction, but would not preclude the "inflammatory" leafletting restrained by paragraph two or the specific placards restrained by paragraph three. There is no suggestion that the Chancery judge relied on this newly-promulgated ordinance in any way to support the permanent restraint.

16

We conclude that paragraph one of the restraining order is a constitutional place and manner restriction on defendants focused residential picketing for the reasons stated in our recent opinion in *Murray v. Lawson*, 264 *N.J.Super.* 17, 27, 624 *A.*2d 3, 17 (App.Div. 1993); *see also K–T Marine, Inc. v. Dockbuilders Local Union 1456*, 251 *N.J.Super.* 153, 597 *A.*2d 563 (Ch.Div.1990), *aff'd*, 251 *N.J.Super.* 107, 597 *A.*2d 540 (App.Div.1991); *Northeast Women's Ctr., Inc. v. McMonagle*, 939 *F.*2d 57, 65 (3d Cir.1991).

We conclude that paragraphs two and three of the restraining order are not content or viewpoint neutral. Content-based restrictions are presumptively invalid, *R.A.V. v. City of St. Paul*, 505 *U.S.* ——, ——, 112 *S.Ct.* 2538, 2543, 120 *L.Ed.*2d 305, 317 (1992), and are almost always impermissible in a public forum, *Police Dep't v. Mosley*, 408 *U.S.* 92, 96, 92 *S.Ct.* 2286, 2290, 33 *L.Ed.*2d 212, 217 (1972). Though certain state interests may be so compelling as to permit content-based restraints where no adequate alternative exists, residential privacy is not such a transcendent objective. *Carey v. Brown*, 447 *U.S.* 455, 465, 100 *S.Ct.* 2286, 2292, 65 *L.Ed.*2d 263, 272 (1980). We reverse paragraphs two and three of the injunction for the reasons stated in our recent opinion in *Horizon Health Ctr. v. Felicissimo*, 263 *N.J.Super.* 200, 223–24, 622 *A.*2d 891, 902–03 (App.Div.1993)

Affirmed in part; modified to strike paragraphs two and three of the permanent restraining order.